1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                            NORTHERN DISTRICT OF CALIFORNIA

10                                   SAN JOSE DIVISION

11

12   OSCAR MADRIGAL SENCION,              )       Case No.: C 10-3108 PVT
                                          )
13               Plaintiff,               )       **ORDER TO SHOW CAUSE WHY MOTION
                                          )       TO DISMISS AND MOTION TO STRIKE
14         v.                             )       SHOULD NOT BE GRANTED, AT LEAST IN
                                          )       PART AS UNOPPOSED; AND CONTINUING
15   SAXON MORTGAGE SERVICES, INC.,       )       HEARING TO SEPTEMBER 28, 2010**
     et al.,                              )
16                                        )
                 Defendants.              )
17   _____ )

18         On July 22, 2010, Defendant Saxon Mortgage Services, Inc. ("Saxon") filed a motion to

19   dismiss and a motion to strike.  Saxon noticed the hearing for the motions for August 31, 2010.

20   Pursuant to this court's Civil Local Rule 7-3(a), any oppositions to these motions were due no later

21   than August 10, 2010.  Plaintiff has not filed any opposition to either of these two motions.

22   Therefore, based on the moving papers and the file herein,

23         IT IS HEREBY ORDERED that, no later than September 14, 2010, Plaintiff shall file a brief

24   showing cause why the motion to strike should not be granted in its entirety, and why the motion to

25   dismiss should not be granted as to Plaintiff's First, Third, Fourth and Fifth Causes of Action.[1]

26   ───────────────

27   [1]      Defendant Saxon has not shown that dismissal of the Second Cause of Action
     (Negligence) is warranted.  Contrary to Saxon's argument, the law is not that a lender never owes a duty
28   of care to a borrower. *See, e.g., Garcia v. Ocwen Loan Servicing, LLC*, 2010 WL 1881098, *2-4 (May
     10, 2010) ("by asking Plaintiff to submit supporting documentation, Defendant undertook the activity
     of processing Plaintiff's loan modification request.  Having undertaken that task, it owed Plaintiff a duty

                                      ORDER, *page 1*

1    IT IS FURTHER ORDERED that Saxon may respond to Plaintiff's showing no later than

2  September 21, 2010.

3    IT IS FURTHER ORDERED that the hearing on Saxon's two motions is CONTINUED to

4  September 28, 2010.

5  Dated: *8/27/10*

6                                                    *Patricia V. Trumbull*
                                                     PATRICIA V. TRUMBULL
7                                                    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 ─────────────

27 to exercise ordinary care in carrying out the task"). Construing the complaint in the light most favorable to the non-moving party, as courts must on a motion to dismiss, Plaintiff alleges that Saxon undertook

28 the modification of his loan, and that Saxon was responsible for the foreclosure sale of his home at a time when Saxon had already approved his loan modification. Thus, the complaint adequately alleges facts supporting a finding of both a duty of care and a breach of that duty of care.

ORDER, *page 2*