1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

12   OSCAR MADRIGAL SENCION,            )        Case No.: CV 10-03108 PSG
                                        )
13                    Plaintiff,        )        **ORDER GRANTING-IN-PART AND**
                                        )        **DENYING-IN-PART SAXON'S**
14            v.                        )        **MOTION TO STRIKE**
                                        )
15   SAXON MORTGAGE SERVICES, INC, et   )        **(Re: Docket No. 8)**
     al.,                               )
16                                      )
                      Defendants.       )
17   _____)

18          This foreclosure action is brought by Plaintiff Oscar Sencion ("Sencion") against Defendants

19   Saxon Mortgage Services ("Saxon"), Ocwen Loan Servicing ("Ocwen"), and "DOES 1-100."

20   Sencion's first amended complaint ("FAC") alleges: (1) breach of fiduciary duty, (2) negligence, (3)

21   a violation of California Business and Professions Code § 17200 *et seq.*, (4) declaratory relief, and

22   (5) quiet title.   Saxon moves to strike Sencion's prayer for punitive and exemplary damages and

23   attorney's fees.   For the reasons stated below, the motion to strike is DENIED-IN-PART as moot and

24   GRANTED-IN-PART.

25          A detailed factual background has already been provided in the order on Saxon's Motion to

26   Dismiss[1], and it is therefore unnecessary to repeat that background here.

27

28          _____

     [1] *See* 1/28/11 Order Granting-In-Part and Denying-In-Part Saxon's Motion to Dismiss (Docket
     No. 56).

Under Federal Rule of Civil Procedure 12(f), a party may move to strike "any redundant, immaterial, impertinent, or scandalous matter."[2]  This includes striking any part of the prayer for relief when the relief sought is not recoverable as a matter of law.[3]  The essential function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."[4]

Rule 12(f) motions are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.[5]  Motions to strike are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation.[6]  Courts must view the pleading under attack in the light most favorable to the pleader, treating as admitted all material facts alleged and all reasonable presumptions that can be drawn therefrom.[7]

Saxon moves to strike allegations from the complaint whereby Sencion seeks punitive or exemplary damages and allegations whereby Sencion seeks attorney's fees.  Sencion did not file a written opposition to Saxon's Motion to Strike, and the deadline for doing so as set by Civil Local Rule 7-3 and extended by Judge Trumbull in the Order to Show Cause[8] have expired.

Saxon first requests that the prayer for punitive damages should be stricken on the ground that Sencion has not pleaded facts demonstrating any fraud, oppression or malice.  Sencion's only prayer for punitive damages is based on his allegations of breach of fiduciary duty.  The court has granted Saxon's Motion to Dismiss the breach of fiduciary duty cause of action for failure to state a claim, and with it, the prayer for punitive damages based on that cause of action.  Saxon's motion to strike

---

[2] Fed. R. Civ. P. 12(f).

[3] *See Rosales v. Citibank, Fed. Sav. Bank* 133 F. Supp 2d. 1177, 1180 (N.D. Cal. 2001).

[4] *Fantasy, Inc. v. Fogerty*, 984 F. 2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

[5] *See Rosales v. Citibank, Fed. Sav. Bank* 133 F. Supp 2d. at 1180.

[6] *See LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).

[7] *See California v. United States*, 512 F. Supp. 36, 39 (N.D. Cal. 1981).

[8] 8/27/10 Order to Show Cause Why Motion to Dismiss and Motion to Strike Should Not Be Granted, At Least In Part, As Unopposed (Docket No. 19).

ORDER, *page 2*

1    allegations seeking punitive damages is therefore denied as moot.

2         Saxon next requests that the prayer for attorney's fees be stricken on the ground that there is

3    no basis for an award of fees.  California follows the "American" rule under which each party bears

4    its own fees, unless there is a contractual or statutory basis.[9]  Saxon argues that the FAC does not

5    state a statutory or a contractual basis for an award of attorney's fees.  As noted above, Sencion has

6    offered no opposition to striking its prayer for attorney's fees either in written brief or at oral

7    argument.  Saxon's motion to strike with respect to attorney's fees is therefore granted.

8

9    Dated: January 28, 2011

10                                            _____
                                             PAUL S. GREWAL
11                                           United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   _____

28        [9] *See Burnaby v. Standard Fire Ins., Co.*, 40 Cal. App. 4th 787, 796 (1995); *Yazdanpanah v. Sacramento Valley Mortg. Group*, No. C 09-02024, 2009 WL 4573381, at *10 (N.D. Cal. December 1, 2009); Cal. Civ. Proc. Code § 1021.

ORDER, *page 3*