1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10                               SAN JOSE DIVISION

11

12   OSCAR MADRIGAL SENCION,              )        Case No.: C 10-3108 PSG
                                          )
13                    Plaintiff,          )        **ORDER GRANTING-IN-PART AND**
                                          )        **DENYING-IN-PART DEFENDANT OCWEN'S**
14           v.                           )        **MOTION TO DISMISS**
                                          )
15   SAXON MORTGAGE SERVICES, INC.,       )        **(Re: Docket No. 4)**
     et al.,                              )
16                                        )
                      Defendants.         )
17   _____)

18

19          On August 31, 2010, the parties appeared for hearing on the motion to dismiss filed by

20   Defendant Ocwen Loan Servicing, LLC ("Ocwen").  On September 3, 2010, this court entered an

21   interim order soliciting supplemental briefing from Ocwen.  Ocwen timely filed the supplemental

22   brief.  Based on the briefs and arguments submitted,[1]

23          IT IS HEREBY ORDERED that Ocwen's motion to dismiss is GRANTED-IN-PART and

24   DENIED-IN-PART because, as discussed herein, the only cognizable cause of action stated against

25   Ocwen in the First Amended Verified Complaint ("FAC") is declaratory relief.

26

27   _____

28          [1] On December 6, 2010, this case was reassigned to the undersigned due to the retirement of
     Magistrate Judge Trumbull.  The undersigned has reviewed the tape of the oral argument held on August
     31, 2010, and all briefs submitted in connection with this motion.

                                        ORDER, *page 1*

## I.      BACKGROUND

Plaintiff Oscar Sencion's ("Sencion") original complaint arose out of the actions of Defendant Saxon Mortgage Services, Inc. ("Saxon") in connection with Saxon's servicing of Sencion's two home loans and the negotiations between Sencion and Saxon regarding Sencion's request for a loan modification.  Sencion alleges that on approximately March 19, 2010, just two weeks after Saxon had notified him that he had been approved for a loan modification, Saxon nonetheless sold the Subject Property[2] at a trustee's sale.[3]  This action ensued on April 4, 2010.

By letter dated April 28, 2010, Ocwen sent Sencion a letter notifying him that the servicing of his mortgage loan–the right to collect payments from him–was being assigned, sold and/or transferred from Saxon to Ocwen.[4]  In the letter, Ocwen instructed Sencion to direct all of his monthly mortgage payments to Ocwen.[5]

On June 1, 2010, Sencion filed the FAC, adding Ocwen as a Defendant.[6]  In the FAC, Sencion alleges Ocwen violated a Temporary Restraining Order and a Preliminary Injunction against Saxon that was entered while this matter was pending in state court.[7]  Those orders enjoined Saxon, and its employees, agents, and those acting with them or on their behalf, from proceeding with foreclosure or eviction proceedings against Sencion.[8]  Specifically, Sencion alleges Ocwen violated those orders by having its agent contact Sencion's brother-in-law to try and negotiate terms for expediting Sencion's vacating of the Subject Property.[9]

---

[2] As used herein, the "Subject Property" refers to Sencion's home located at 9120 Murray Avenue, Gilroy, California.

[3] *See* FAC, ¶¶ 26, 32 and Exhs. M & P.

[4] *See* FAC, ¶ 37 & Exh. R.

[5] *See* FAC, Exh. R.

[6] *See* FAC, ¶ 3.

[7] *See* FAC, ¶ 39.

[8] *See* FAC, ¶¶ 35-36.

[9] *See* FAC, ¶ 39.

1

## II.   LEGAL STANDARDS

2    A complaint must contain "a short and plain statement of the claim showing that the pleader

3  is entitled to relief."[10]  While "detailed factual allegations" are not required, a complaint must

4  include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[11]  In other

5  words, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible

6  on its face."[12]  A claim is facially plausible "when the pleaded factual content allows the court to

7  draw the reasonable inference that the defendant is liable for the misconduct alleged."[13]

8  Accordingly, under Fed. R. Civ. P. 12(b)(6), which tests the legal sufficiency of the claims alleged in

9  a complaint, "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of

10  sufficient facts alleged under a cognizable legal theory."[14]

11    When evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the

12  complaint as true and construe them in the light most favorable to the non-moving party.[15]  Review

13  of a motion to dismiss is limited to the face of the complaint, materials incorporated into the

14  complaint by reference, and matters of which the court may take judicial notice.[16]  The court is not

15  required to accept "legal conclusions cast in the form of factual allegations if those conclusions

16  cannot reasonably be drawn from the facts alleged."[17]  Further, the court need not accept as true

17  allegations that contradict matters that are either subject to judicial notice or attached as exhibits to

18  the complaint.[18]

19    "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that

20

21    [10] Fed. R. Civ. P. 8(a)(2).

22    [11] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

23    [12] *Id*. at 1940 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

       [13] *Id.* at 1940.

24
       [14] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990).
25
       [15] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir.2008)).
26
       [16] *See id.* at 1061.
27
       [17] *Clegg v. Cult Awareness Network*, 18 F. 3d 752, 754-55 (9th Cir. 1994).
28
       [18] *See In re Gilead Sciences Securities Litigation*, 536 F. 3d 1049, 1055 (9th Cir. 2008).

the complaint could not be saved by amendment."[19]  If dismissing with prejudice, a district court's

failure to consider the factors relevant to whether amendment should be permitted and failure to

articulate why dismissal should be with prejudice instead of without prejudice may constitute an

abuse of discretion.[20]

### III.    DISCUSSION

### A.    Declaratory Relief

Sencion seeks a judicial declaration of the rights and obligations of the parties regarding the

Subject Property under California foreclosure law.  Ocwen argues that Sencion's claim for

declaratory relief is not sufficiently pleaded because he seeks only to redress past wrongs instead of

prospective rights and that he has not pleaded facts establishing his right to the sought-after

declaration.  Sencion responds that there is an actual controversy because there are rights and

obligations that run between Ocwen and Sencion, as Ocwen is the servicer of the mortgage.

Under Cal. Civ. Proc. Code § 1060,

> "[a]ny person . . . who desires a declaration of his or her rights or duties with respect
> to another, or in respect to, in, over or upon property . . . may, in cases of actual
> controversy relating to the legal rights and duties of the respective parties, bring an
> original action . . . for a declaration of his or her rights and duties in the premises."[21]

A claim for declaratory relief requires the plaintiff to demonstrate the existence of an actual

controversy regarding the legal rights of the parties.[22]  Declaratory relief operates prospectively and

not merely for the redress of past wrongs.[23]  The purpose of a declaratory judgment is to set

---

[19] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1052 (9th Cir. 2003).

[20] *See id.* at 1052.

[21] Cal. Civ. Proc. Code § 1060 (West 2010).

[22] *See McClain v. Octagon Plaza, LLC*, 71 Cal. Rptr. 3d 885, 898 (Ct. App. 2008).

[23] *See Babb v. Superior Court of Sonoma County*, 3 Cal. 3d 841, 848 (1971); *see also Jensen v. Quality Loan Service Corp.*, 102 F. Supp. 2d 1183, 1188 (E.D. Cal. 2010).  The quotation relied on by Ocwen from *County of San Diego v. State*, 164 Cal.App.4th 580, 607 (2008) omits the crucial word "merely" from the original quote. *See, Babb*, 3 Cal.3d at 848 (1971) ("'(D)eclaratory procedure operates prospectively, and not *merely* for the redress of past wrongs" (emphasis added)) (quoting *Travers v. Louden*, 254 Cal.App.2d 926, 931 (1967)).  In *Travers*, the appellate court explained that "The fact that the procedure operates prospectively does not create a conflict with the established principle that redress for past wrongs may be had in a proper action for declaratory relief."  *Travers*, 254 Cal.App.2d at 931 (relying on Cal.Cod.Civ.Pro. § 1060, *Columbia Pictures Corp. v. DeToth*, 26 Cal.2d 753 (1945) and *Ermolieff v. R.K.O. Radio Pictures*, 19 Cal.2d 543 (1942)).

1   controversies at rest before they cause harm to the plaintiff in the interest of preventive justice, not to

2   remedy harms that have already occurred.[24]

3        The FAC, along with its exhibits, sufficiently states a cause of action for declaratory relief

4   against Ocwen.  Attached to the FAC is a letter from Ocwen to Sencion informing him that

5   "effective April 21, 2010, the servicing of your mortgage loan, that is the right to collect payments

6   from you, will be assigned, sold and/or transferred from Saxon Mortgage Services Inc to Ocwen."

7   The letter also instructed Sencion to direct his monthly mortgage payments to Ocwen.  The FAC

8   alleges that Ocwen has engaged in wrongful conduct by attempting to negotiate terms for Sencion to

9   vacate his home.  Also, Ocwen acknowledges in its supplemental brief that it is currently responsible

10  for servicing the property for the new owner, and that such services generally include securing the

11  property, evicting tenants and reselling the property.  Thus, in contrast to the allegations against

12  Saxon,[25] Sencion's allegations against Ocwen sufficiently allege an actual controversy relating to, at

13  a minimum, Sencion's payment obligations and Ocwen's present right to service the Subject

14  Property.

15        **B.   QUIET TITLE**

16       The FAC fails to allege that Ocwen asserts any adverse claim to the Subject Property.  While

17  Sencion alleges that "Defendants purchased the Subject Property," the Trustee's Deed attached as

18  Exhibit Q to the FAC shows that the Subject Property was transferred to "Deutsche Bank National

19  Trust Company, as Trustee for NATIXIS Real Estate Capital Trust 2007-HE2."  The court need not

20  accept as true Sencion's allegation that "Defendants" (presumably including Ocwen) purchased the

21  Subject Property, because it is contradicted by the attached Trustee's Deed.[26]

22       Based on the record before the court it appears Ocwen has not asserted any adverse claim to

23  title to the Subject Property on its own behalf, and thus dismissal of this claim without prejudice is

24  warranted as to Ocwen.

25

26       [24] *See Babb*, 3 Cal. 3d at 898; *see also Jensen*, 102 F. Supp. 2d at 1188.

27       [25] *See* Order Granting-in-Part and Denying-in-Part Saxon's Motion To Dismiss (Docket No. 56),
28  11:17 – 13:5.

     [26] *See In re Gilead Sciences Securities Litigation*, 536 F.3d at 1055.

**C.   REMAINING CAUSES OF ACTION**

The three remaining causes of action for breach of fiduciary duty, negligence and unfair business practices are all predicated on the actions of Saxon in selling the Subject Property at a trustee's sale after Sencion had been approved for a loan modification.  Those actions all took place *before* Saxon purported to transfer the loan servicing to Ocwen.  Sencion argues that Ocwen is liable for Saxon's actions because Ocwen took over the loan servicing from Saxon.  However, Sencion has cited no authority for any general imposition of successor liability under these circumstances, and has not alleged that Ocwen entered into any agreement to assume Saxon's liabilities in connection with servicing Sencion's loans.  Dismissal of these claims as to Ocwen without prejudice is thus warranted.

**IV.   CONCLUSION**

Ocwen had no involvement with either Sencion or the Subject Property until after the trustee's sale, and thus dismissal without prejudice of all causes of action stemming from that sale is warranted as to Ocwen.  Because Sencion has not alleged that Ocwen asserts any adverse title claim to the Subject Property, dismissal of the quiet title cause of action as to Ocwen without prejudice also is warranted.  Because the declaratory relief cause of action states a cognizable claim against Ocwen, dismissal of that claim is not warranted.

Dated:  *February 3, 2011*

PAUL S. GREWAL
United States Magistrate Judge