UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OSCAR MADRIGAL SENCION,<br><br>         Plaintiff,<br><br>  v.<br><br>SAXON MORTGAGE SERVICES, INC, et al.,<br><br>         Defendants. | Case No.: CV 10-03108 PSG<br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO AMEND**<br><br>**(Re: Docket No. 27)** |

### I. INTRODUCTION

This foreclosure action is brought by Plaintiff Oscar Sencion ("Sencion") against Defendants Saxon Mortgage Services ("Saxon") and Ocwen Loan Servicing ("Ocwen"). Sencion moves for leave to file a Second Amended Complaint ("SAC") to add Deutsche Bank National Trust Company ("Deutsche") as a defendant to the action. The proposed SAC, attached as Exhibit A to the Motion to Amend, alleges the following causes of action against Deutsche: (1) breach of fiduciary duty, (2) negligence, (3) a violation of California Business and Professions Code § 17200 *et seq*. ("UCL"), (4) declaratory relief, and (5) quiet title. For the reasons stated below, the Motion to Amend is DENIED-IN-PART, and GRANTED-IN-PART. Sencion is permitted to amend the complaint to add Deutsche only to Count Two (negligence) and Count Four (declaratory relief).

## II.  BACKGROUND

Sencion's original complaint arose out of the actions of Saxon in connection with Saxon's servicing of Sencion's two home loans and the negotiations between Sencion and Saxon regarding Sencion's request for a loan modification. Sencion alleges that on approximately March 19, 2010, just two weeks after Saxon had notified him that he had been approved for a loan modification, Saxon nonetheless sold the Subject Property[1] at a trustee's sale.[2] This action ensued on April 4, 2010. On June 1, 2010, Sencion filed the First Amended Complaint ("FAC"), adding Ocwen as a Defendant.

On November 2, 2010, Sencion filed this Motion to Amend, seeking to add Deutsche as a defendant on the basis that Deutsche currently holds the title to the Subject Property and has been the principal providing instructions to both Saxon and Ocwen.[3] Ocwen opposes the amendment as futile. Sencion filed no reply to Ocwen's opposition. Ocwen did not appear at oral argument.

## III.  LEGAL STANDARD

Fed. R. Civ. P. 15(a) provides that leave to amend a complaint shall be freely given when justice so requires. In the Ninth Circuit, the permissive standard of Rule 15 is "to be applied with extreme liberality."[4] In determining whether to grant a motion to amend, courts in the Ninth Circuit consider five factors in determining whether to grant leave to amend: 1) bad faith, 2) undue delay, 3) prejudice to the opposing party, 4) futility, and 5) any previous opportunities to amend.[5] Futility of amendment alone can justify the denial of a motion.[6] A proposed amendment is futile if it would not survive a motion to dismiss for failure to state a claim.[7] Thus, the court must evaluate the proposed amended complaint under Fed. R. Civ. P. 12(b)(6).

---

[1] As used herein, the "Subject Property" refers to Sencion's home located at 9120 Murray Avenue, Gilroy, California.

[2] *See* FAC ¶¶ 26, 32 and Exs. M &P.

[3] *See* 9/21/10 Mot. To Amend First Am. Compl. at 3:16-4:1 (Docket No. 27).

[4] *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

[5] *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

[6] *Id.*

[7] *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Under Rule 12(b)(6), which tests the legal sufficiency of the claims alleged in a complaint, "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[8] While "detailed factual allegations" are not required, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[9] In other words, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face."[10] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

When evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[12] Review of a motion to dismiss is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[13] The court is not required to accept "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."[14] Further, the court need not accept as true allegations that contradict matters that are either subject to judicial notice or attached as exhibits to the complaint.[15]

## IV. DISCUSSION

**A. Count 1-3: Breach of Fiduciary Duty, Negligence, UCL Claims**

Sencion alleges that Deutsche "employed [Saxon and Ocwen] as its agent loan servicer[s]."[16] At oral argument, Sencion explained that he never interacted directly with

---

[8] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[9] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[10] *Id.* at 1940 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[11] *Id.* at 1940.

[12] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[13] *See id.* at 1061.

[14] *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

[15] *See In re Gilead Sciences Securities Litigation*, 536 F.3d 1049, 1055 (9th Cir. 2008).

[16] SAC ¶¶ 43 and 44.

Deutsche, rather his tort claims against Deutsche are based on his interactions with Saxon and Ocwen as Deutsche's agents.[17] Under the doctrine of respondeat superior, the innocent principal or employer is liable for the torts of the agent or employee committed while acting within the scope of employment.[18] The liability of an innocent, nonparticipating principal under the respondeat superior doctrine is based on the wrongful conduct of the agent; the principal cannot be liable unless the agent is liable.[19] Because Sencion's claims for breach of fiduciary duty against both Saxon and Ocwen have been dismissed,[20] Sencion has necessarily failed to state a sufficient claim against Deutsche in Count One based on the actions of Saxon and Ocwen.

The court, however, denied the motion to dismiss Sencion's negligence claim (Count Two) against Saxon because Sencion had sufficiently pleaded that Saxon negligently serviced the loan.[21] The SAC states that Saxon was Deutsche's agent for loan servicing. Thus, Sencion has stated a claim for negligence against Saxon, sufficiently pleaded that Saxon was Deutsche's agent, and sufficiently pleaded that the negligent act was within the scope of the agency relationship. As a result, the SAC states a sufficient negligence claim against Deutsche.[22]

As to Count Three, although Sencion has stated a claim under the UCL against Saxon, a UCL claim against Deutsche cannot be predicated on vicarious liability.[23] "The concept of vicarious liability has no application to actions brought under the unfair business practices act. A

---

[17] *See* 1/4/11 FTR 11:30:00-11:31:43 a.m., PSG104446.

[18] *See Stokes v. California Horse Racing Bd.*, 98 Cal. App. 4th 477, 482 (Ct. App. 2002); 3 Witkin, Summary 10th (2005) Agency, § 165, p. 208.

[19] *See Bradley v. Rosenthal*, 97 P. 875, 876-878 (1908); *Lathrop v. Healthcare Partners Med. Group*, 8 Cal. Rptr. 3d 668, 675 (Ct. App. 2004); 3 Witkin, Summary 10th (2005) Agency, § 167, p. 211.

[20] *See* 1/28/11 Order Granting-In-Part and Denying-In-Part Defendant Saxon's Motion to Dismiss (Docket No. 56) and 2/4/11 Order Granting-In-Part and Denying-In-Part Defendant Ocwen's Motion to Dismiss (Docket No. 58).

[21] *See* 1/28/11 Order Granting-In-Part and Denying-In-Part Defendant Saxon's Motion to Dismiss (Docket No. 56).

[22] *See* Cal. Civ. Code § 2338 (West 2010).

[23] *See* 1/28/11 Order Granting-In-Part and Denying-In-Part Defendant Saxon's Motion to Dismiss (Docket No. 56).

defendant's liability must be based on his personal participation in the unlawful practice and unbridled control over the practices that are found to violate sections 17200 or 17500."[24]  The court found that Sencion had stated a claim for fraudulent business practices against Saxon under the UCL by claiming that the public is likely to be deceived by Saxon's statements and agreements, including statements that the final loan modification was forthcoming and the omission of information regarding the sale during the continuous contact with Sencion throughout the loan modification process.[25]  Although the SAC alleges those statements were made by "Defendants" generally, which presumably includes Deutsche, Sencion conceeded at oral argument that Deutsche has had no direct communications with Sencion[26] and thus did not personally participate in the fraudulent business practices.  Therefore, as to Count Three, the SAC fails to state a claim against Deutsche.

**B.  Count 4: Declaratory Relief**

Sencion seeks a judicial declaration of the rights and obligations of the parties regarding the Subject Property under California foreclosure law.  Ocwen argues that Sencion's claim for declaratory relief is not sufficiently pleaded because he seeks only to redress past wrongs instead of prospective rights and that no actual controversy exists between Sencion and Deutsche.

Under Cal. Civ. Proc. Code § 1060,

> "[a]ny person . . . who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action . . . for a declaration of his or her rights and duties in the premises."[27]

A claim for declaratory relief requires the plaintiff to demonstrate the existence of an actual controversy regarding the legal rights of the parties.[28]  Declaratory relief operates prospectively

---

[24] *Emery v. Visa International Service Association,* 95 Cal. App. 4th 953, 960 (2002) (internal quotations and citations omitted).

[25] *See* FAC ¶ 58; SAC ¶ 63

[26] *See* 1/4/11 FTR 11:30:00-11:31:43 a.m., PSG104446.

[27] Cal. Civ. Proc. Code § 1060 (West 2010).

[28] *See McClain v. Octagon Plaza, LLC*, 71 Cal. Rptr. 3d 885, 898 (Ct. App. 2008).

1  and not merely for the redress of past wrongs.[29]  The purpose of a declaratory judgment is to set
2  controversies at rest before they cause harm to the plaintiff in the interest of preventive justice,
3  not to remedy harms that have already occurred.[30]

4        The court previously held that the FAC, along with its exhibits, sufficiently states a cause
5  of action for declaratory relief against Ocwen by stating that Ocwen has asserted a right to collect
6  monthly mortgage payments from Sencion and has attempted to negotiate terms for Sencion to
7  vacate his home.[31]  Also, Ocwen acknowledges in its supplemental brief that it is currently
8  responsible for servicing the property for the new owner, Deutsche, and that such services
9  generally include securing the property, evicting tenants and reselling the property.  Because the
10 same actions by Ocwen that create an actual controversy between Ocwen and Sencion are being
11 performed on behalf of Deutsche, the SAC has identified an actual controversy between Deutsche
12 and Sencion relating to, at a minimum, Sencion's payment obligations to Deutsche.  Thus, the
13 SAC sufficiently pleads declaratory relief relating to Deutsche.

14 **C. Count 5: Quiet Title**

15       Finally, under California law, in order to adequately allege a cause of action to quiet title,
16 a plaintiff's pleadings must include "the date as of which the determination is sought."[32]  The
17 SAC does not state the date as of which the determination is sought.  Thus, as to Count Five, the

---

[29] *See Babb v. Superior Court of Sonoma County*, 3 Cal. 3d 841, 848 (1971); *see also Jensen v. Quality Loan Service Corp.*, 102 F. Supp. 2d 1183, 1188 (E.D. Cal. 2010). The quotation relied on by Ocwen from *County of San Diego v. State*, 164 Cal. App. 4th 580, 607 (2008) omits the crucial word "merely" from the original quote. *See, Babb*, 3 Cal. 3d at 848 (1971) ("'(D)eclaratory procedure operates prospectively, and not merely for the redress of past wrongs" (emphasis added)) (quoting *Travers v. Louden*, 254 Cal. App. 2d 926, 931 (1967)). In *Travers*, the appellate court explained that "[t]he fact that the procedure operates prospectively does not create a conflict with the established principle that redress for past wrongs may be had in a proper action for declaratory relief." 254 Cal. App. 2d at 931 (relying on Cal. Cod. Civ. Pro. § 1060, *Columbia Pictures Corp. v. DeToth*, 26 Cal. 2d 753 (1945) and *Ermolieff v. R.K.O. Radio Pictures*, 19 Cal. 2d 543 (1942)).

[30] *See Babb*, 3 Cal. 3d at 898; *see also Jensen*, 102 F. Supp. 2d at 1188.

[31] *See* 2/4/11 Order Granting-In-Part and Denying-In-Part Defendant Ocwen's Motion to Dismiss (Docket No. 58).

[32] Cal. Civ. Proc. Code § 761.020(d).

1 | SAC does not sufficiently state a claim to quiet title from Deutsche.

2 | Dated: February 17, 2011

*[signature]*
PAUL S. GREWAL
United States Magistrate Judge