CENTURY LAW GROUP LLP
Edward O. Lear, State Bar No. 132699
Rizza Gonzales, State Bar No. 268118
5200 W. Century Boulevard, Suite 345
Los Angeles, California 90045
Telephone: (310) 642-6900
Facsimile: (310) 642-6910

Attorneys for PLAINTIFF
OSCAR MADRIGAL SENCION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE BRANCH

| | |
|---|---|
| OSCAR MADRIGAL SENCION, an individual,<br><br>PLAINTIFF,<br><br>vs.<br><br>SAXON MORTGAGE SERVICES, INC., a business of unknown form; OCWEN LOAN SERVICING, LLC, a business of unknown form; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 5:10-cv-03108-PSG<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES** |

1

# EX PARTE APPLICATION

Plaintiff Oscar Madrigal Sencion ("Plaintiff" and/or "Mr. Sencion"), hereby applies ex parte for a temporary restraining order requiring Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Deutsche Bank National Trust Company ("Deutsche Bank") (collectively, "Defendants") and its employees, agents, each of their officers, directors, successors in interest, assignees, employees, agents, and all persons or any other persons or entity acting with Defendants or on their behalf to show cause why an injunction should not issue in this action, enjoining Defendants and their employees, agents, each of their officers, directors, successors in interest, assignees, employees, agents, and all persons or any other persons or entity acting with Defendants or on their behalf, including the Santa Clara County Sheriff, from enforcing the writ of possession against Plaintiff or from the further sale of Plaintiffs' Home, certain real property located in Santa Clara County at 9120 Murray Avenue, Gilroy, CA 95020, Assessors Parcel No. 835-05-004 (the "Subject Property" or the "Sencion Home").

This application is made pursuant to the provisions of the Federal Rules of Civil Procedure ("FRCP") Rule 65, U.S. District Court, Northern District of California ("ND CA") Local Rule 65-1 and 7-10, and California Code of Civil Procedure §526(a)(1)-(3) on the ground that the writ of possession issued by the Superior Court of Santa Clara County against Plaintiff and the inhabitants of the Sencion Home in the unlawful detainer proceeding *Deutsche Bank National Trust Company v. Sencion, et al.* (Case No. 511CV005720) ("Unlawful Detainer Matter") should not be enforced while the instant matter is ongoing before this Court. The Sencion Home was wrongfully, illegally, and in bad faith sold via trustee sale on or about March 19, 2010 to Deutsche Bank even though Plaintiff had been participating in a trial loan modification with Defendant Saxon, had made monthly trial loan modification payments from August 2009 to March 2010 to Defendant Saxon, and had been advised by Defendant Saxon that he had been approved for a permanent loan modification on March 3, 2010. The Unlawful Detainer Matter was limited to issues of title and, as such, Plaintiff was prevented from bringing his full case before the Superior Court challenging Defendant Deutsche Bank's title to the Subject Property obtained through the foreclosure sale. Plaintiff could not bring his full defenses

2

**PLAINTIFF'S EX PARTE APPLICATION FOR ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER**

including those regarding the impropriety of the March 19, 2010, foreclosure sale. Such issues are before this Court in the above-named matter. As such, Defendant Deutsche Bank and the Santa Clara County Sheriff must be enjoined from enforcing the writ of possession granted in the Unlawful Detainer Matter on March 21, 2011. A Notice to Vacate was posted on the Subject Property on April 6, 2011, stating that the property must be vacated by April 12, 2011, 12:01 a.m.

Good cause exists to grant Plaintiff's temporary restraining order as irreparable injury will result to Plaintiff should the unlawful detainer action be allowed to proceed and there are currently inadequate legal remedies to address the prospect of Plaintiff's eviction from the Sencion Home.

Plaintiff's counsel has provided Defendants Saxon, Ocwen, and Deutsche Bank with notice of this *ex parte* application on April 7, 2011. Defendant Ocwen has indicated that it would like to file an opposition. *See* Decl. Gonzales.

This application is based upon the points and authorities and declaration set forth below, the Court's file, and the accompanying declaration of notice.

DATED: April 7, 2011              CENTURY LAW GROUP LLP

                                  _____
                                  Edward O. Lear, Esq.
                                  Rizza Gonzales, Esq.
                                  Attorneys for Plaintiff
                                  Oscar Madrigal Sencion

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Oscar Madrigal Sencion ("Plaintiff" and/or "Sencion") respectfully submits this application for a temporary restraining order ("TRO") enjoining the enforcement of the writ of possession granted in Superior Court of Santa Clara County unlawful detainer proceeding *Deutsche Bank National Trust Company v. Sencion, et al.* (Case No. 511CV005720) ("Unlawful Detainer Matter") on March 21, 2011, for the property located at 9120 Murray Avenue, Gilroy, CA 95020, Assessors Parcel No. 835-05-004 ("Subject Property"). Irreparable harm will occur to Sencion and the tenants therein including the loss of their primary residence due to the conduct of Defendants as alleged in Plaintiff's Second Amended Complaint ("SAC"). An *ex parte* application is appropriate given that the Notice of Vacate was posted on the property on April 6, 2011, and that such notice provides that Plaintiff must vacate the property by April 12, 2011, 12:01 a.m. Decl. Gonzales.

### II. STATEMENT OF FACTS

Sencion obtained a trial loan modification ("Trial Loan Modification") from Defendant Saxon Mortgage Services, Inc. ("Saxon") on or about August 2009. Decl. Sencion, Ex. A, ¶ 8. Sencion is informed and believes that Deutsche was the investor on Sencion's mortgage at the time. Sencion complied with all the terms of the Trial Loan Modification including making monthly payments for an initial three month period from August 2009 to October 2009. *Id.* at ¶ 11. Thereafter, Sencion continued to make good faith payments to Saxon while Saxon reviewed Sencion's file for a permanent loan modification. *Id.* at ¶ 14. On or about March 3, 2010, Sencion received a letter from Saxon indicating that he had been approved for a permanent loan modification and that he would be receiving the paperwork commemorating the terms of the permanent loan modification within 30 days. *Id.* at ¶ 21. However, on or about March 26, 2010, Sencion found a 3-day Notice to Quit addressed to him on his front porch. *Id.* at ¶ 26. Unbeknownst to him, Saxon had sold the Subject Property through a trustee sale where Deutsche purchased the Subject Property on or about March 19, 2010. *Id.* at ¶ 27. Sencion was never

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

served with a Notice of Trustee Sale or a Notice of Default. He was not aware, nor was he advised, that a trustee sale had been placed on the Subject Property. *Id.* at ¶¶ 23-24, 28-29.

The State Court issued a TRO against Defendant Saxon, at the time the only defendant in the matter, on or about April 8, 2010 and a preliminary injunction on April 26, 2010. Request for Judicial Notice ("RJN"), ¶2. On or about April 21, 2010, Saxon transferred the servicing of Sencion's mortgage to Defendant Ocwen Loan Servicing, LLC ("Ocwen"). Decl. Sencion, Ex. A, ¶ 3. Because of the transfer, it was difficult for Sencion to clarify his situation with Saxon and Ocwen regarding the negligent sale of the Subject Property on March 19, 2010.

Plaintiff obtained a TRO and preliminary injunction against Saxon on April 8 and April 26, 2010, respectively. RJN, ¶1 and 2. At the time the TRO was issued neither Ocwen nor Deutsche were parties to the action given that the servicing of Plaintiff's loan did not occur until April 21, 2010. This case was then removed to federal court. Plaintiff moved to amend his complaint to include Defendant Deutsche Bank National Trust Company ("Deutsche") as a party to the action on September 21, 2011. The Court granted in part Plaintiff's motion to amend on February 17, 2011.

During this time period, Deutsche began eviction proceedings against Plaintiff. Deutsche filed the Unlawful Detainer Matter against Plaintiff on January 4, 2011, in Santa Clara Superior Court. RJN, ¶3. The court in the Unlawful Detainer Matter issued a writ of possession in favor of Deutsche on March 21, 2011. RJN, ¶4. Plaintiff received a Notice to Vacate on April 6, 2011, advising him to vacate the property by April 12, 2011, 12:01 a.m. Decl. Gonzales, ¶

### III. LEGAL ARGUMENT

#### a. The Court Has Authority to Issue a Temporary Restraining Order or Preliminary Injunction

The *Erie* doctrine provides that federal courts exercising diversity jurisdiction must apply the substantive state law in which they are located except for matters governed by the U.S. Constitution or federal statutes. *Erie Railroad Co. v. Tompkins* (1938) 204 US 64, 78, 28 S. Ct. 817, 822; *Gasperini v. Center for Humanities, Inc.* (1996) 518 U.S. 415, 427, 116 S. Ct. 2211, 2219. As such, this Court has authority under California Code of Civil Procedure ("C.C.P.")

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

§526(a)(1)-(3), to issue a preliminary injunction enjoining Deutsche and the Santa Clara County Sheriff from enforcing the writ of possession against Plaintiff. C.C.P. §526(a) provides that an injunction may be issued for the following reasons:

> (1) When it appears by the complaint that the plaintiff is entitled to the relief demanded, and the relief, or any part thereof, consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually.
>
> (2) When it appears by the complaint or affidavits that the commission or continuance of some act during the litigation would produce waste, or great or irreparable injury, to a party to the action.
>
> (3) When it appears, during the litigation, that a party to the action is doing, or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the rights of another party to the action respecting the subject of the action, and tending to render the judgment ineffectual.

Herein, the Court can apply all three criteria for providing Plaintiff with a TRO. As to C.C.P. §526(a)(1), Plaintiff can show through the complaint that Plaintiff is entitled to have title to the Subject Property revert back into his name. This would necessarily preclude the enforcement of the writ of possession by Deutsche against Plaintiff from the Subject Property. As to C.C.P. §526(a)(2), irreparable injury would be done to Plaintiff should he be forced to move out from his primary residence where he and his family have resided for over five years. Finally, as to C.C.P. §526(a)(3), Deutsche, a party to the action, is attempting to violate the rights Plaintiff is attempting to protect with this action. Should Deutsche be permitted to enforece its writ of possession against Plaintiff, it would render the Court's judgment herein as to the ownership of the Subject Property ineffectual.

### b. Plaintiff Can Establish All Criteria to Grant a Temporary Restraining Order and Preliminary Injunction

The requirements for a temporary restraining order ("TRO") and a preliminary injunction are identical. *Haw. County Green Party v. Clinton*, 980 F.Supp. 1160, 1164 (D.Haw. 1997). To obtain a TRO, the moving party must demonstrate that irreparable injury is likely without an

injunction. *Stormans, Inc. v. Selecky* (9th Cir. 2009) 586 F.3d 1109, 1127. A preliminary injunction requires a party to demonstrate that it is likely to succeed on the merits, that it is likely to suffer irreparable harm in the absence of injunctive relief, that the balance of equities favors the moving party, and that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.* (2008) 129 S.Ct. 365, 375-376, 172 L.Ed.2d 249. Plaintiff herein can meet all criteria as set forth in *Winter* and discussed more fully below.

### i. Plaintiff Is Likely to Succeed on the Merits

Herein, Plaintiff can demonstrate that he is likely to succeed on the merits. *Titan Tire Corp. v. Case New Holland, Inc.* (Fed. Cir. 2009) 566 F3d 1372, 1376. Sencion will only have to demonstrate that Defendants conducted themselves by unlawful and unfair business practices pursuant to Cal. Bus. & Prof. Code sections 17200, *et seq.* Here, Mr. Sencion has demonstrated that Saxon was negligent in its foreclosure and the sale of the Sencion Home and did not comply with giving Mr. Sencion any notice at all of any notice of default, trustee's sale, or trustee's sale date. Furthermore, Mr. Sencion can demonstrate that Saxon acted unlawfully and unfairly in foreclosing on the Subject Property and selling it at trustee's sale while Mr. Sencion was still making trial loan modification payments and, in fact, Saxon had cashed Mr. Sencion's March 2010 trial loan modification payment. Finally, Saxon had already sent Mr. Sencion a letter confirming his approval for a final loan modification on March 3, 2010, only 16 days before the trustee's sale took place.

Additionally, Plaintiff's Second Amended Complaint has already been subject to a motion to dismiss by both Defendant Saxon and Defendant Ocwen. Plaintiff's complaint has survived such preliminary scrutiny demonstrating that he is likely to succeed on the merits.

### ii. Plaintiff Will Suffer Irreparable Harm Should a TRO Be Denied

Plaintiff will suffer irreparable harm should a TRO be denied and such threatened harm is immediate. *Caribbean Marine Services Co., Inc. v. Balrdridge* (9th Cir. 1988) 844 F2d 668, 674. Plaintiff herein will be evicted from his home for the past five years should Defendant Deutsche proceed with enforcing its writ of possession against Plaintiff. Plaintiff and his family will be

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

left homeless. As such, an injunction is the only way of protecting plaintiff from such harm. *Campbell Soup Co. v. ConAgra, Inc.* (3rd Cir. 1992) 977 F2d 86, 91.

///

///

### iii. The Equities Favor Plaintiff and a Granting of a TRO

The balance of equities favors Plaintiff and the issuance of a TRO against Defendant Deutsche and the enforcement of the writ of possession. To determine which party the equities favor, "the real issue in this regard is the degree of harm that will be suffered by the plaintiff or the defendant if the injunction is improperly granted or denied." *Scotts Co. v. United Industries Corp.* (4th Cir. 2002) 315 F3d 264, 284 (emphasis in original); *Winter v. Natural Resources Defense Council, Inc.* (2008) US, 129 S. Ct. 365, 376.

Herein, Plaintiff will suffer immediate irreparable harm should a TRO not be issued against Defendant Deutsche. Plaintiff will suffer the loss of his home for the past five years rendering him and his family without a home. Defendant Deutsche Bank will not suffer any harm should the TRO be issued especially considering that Deutsche Bank does not wish to occupy the Subject Property. The Subject Property will likely sit vacant as one of Deutsche Bank's real estate owned properties should the TRO be improperly denied. Furthermore, Defendant Deutsche may, at the Court's order, be entitled to receive rent as a condition to the issuance of a preliminary injunction preventing any harm to it.

### iv. Granting an Injunction Is In the Public Interest

The Court herein must consider whether an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.* (2008) US, 129 S. Ct. 365, 374.
Where the TRO's reach is limited and affects only the parties to the litigation without impact on nonparties, the public interest is a neutral factor in the court's consideration for granting or denying an injunction. *Stormans, Inc. v. Selecky* (9th Cir. 2009) 586 F3d 1109, 1139. Here, the public interest is a neutral factor given that the effect of a TRO would be narrow and would affect only the parties to this litigation.

### IV. CONCLUSION

1  Given the above, the Court should issue a temporary restraining order and preliminary
2  injunction in favor of Plaintiff.

///

///

///

DATED: April__, 2011                    CENTURY LAW GROUP LLP

                                        _____
                                        Edward O. Lear, Esq.
                                        Attorney for Plaintiff
                                        Oscar Madrigal Sencion

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER