ERIC D. HOUSER (SBN 130079)
BRIAN S. EDWARDS (SBN 166258)
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, California 92618
Telephone: (949) 679-1111
Facsimile: (949) 679-1112
Email: bedwards@houser-law.com

Attorneys for Defendant Ocwen Loan Servicing, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE BRANCH

| | |
|---|---|
| OSCAR MADRIGAL SENCION, an individual, | Case No: CV 10-03108 JF |
| Plaintiff, | Hon. Jeremy Fogel |
| vs. | **DEFENDANT OCWEN LOAN SERVICING, LLC'S OPPOSITION TO EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER** |
| SAXON MORTGAGE SERVICES, INC., a business of unknown form; OCWEN LOAN SERVICING, LLC, and DOES 1 through 100, inclusive, | |
| Defendants. | [Declaration of Ocwen Loan Servicing, LLC, and Request for Judicial Notice Filed Herewith] |
| | Date: TBD |
| | Time: TBD |
| | Crtrm: 3, Fifth Floor |

Defendant Ocwen Loan Servicing, LLC ("Ocwen"), submits the following opposition to Plaintiff Oscar Madrigal Sencion's ("Plaintiff") Ex Parte Application for Temporary Restraining Order stopping Deutsche Bank National Trust Company and sheriff from executing on writ of possession.

## I. INTRODUCTION

There is no excuse for Plaintiff's delay in bringing this motion – this application could have been brought months ago on regular notice and any "emergency" is solely as a result of Plaintiff's unreasonable delay. Deutsche Bank purchased the real property that is the subject of this action at foreclosure sale *in March 2010*, but Plaintiff failed to name Deutsche as a party to this action, which Plaintiff filed in state court in April 2010. Plaintiff sat on his hands for months and did nothing even after Deutsche filed an eviction action in state court. Plaintiff unnecessarily delayed serving Deutsche until March 30, 2011 (9 days after the unlawful detainer trial in state court) even though the Court granted him leave to do so in February 2011.

Plaintiff has had almost a year to prepare for this motion, while the named defendants only get a few hours. Deutsche has not even appeared yet. Plaintiff has known that Deutsche (the entity plaintiff is seeking to enjoin) purchased the subject property at foreclosure sale since March 2010, but Deutsche Bank apparently will not be allowed to participate.

Despite the fact that Judge Grewal granted Plaintiff leave to add Deutsche Bank as a party back in February, Plaintiff did not serve Deutsche Bank until March 30, 2011 so Deutsche Bank has not appeared and this case was transferred. [Docket, Nos. 61, 72, 76]

## II. RELEVANT FACTS

In December 2006 the Plaintiff took out a $660,000 first position loan to purchase the real property at 9120 Murray Avenue; Gilroy, California 95020

("Subject Property"). The loan was secured by a deed of trust on the Subject Property. He defaulted on the loan and the loan was foreclosed on in March 2010.

On April 6, 2010, Plaintiff filed the instant action. On June 1, 2010, he voluntarily filed his first amended complaint ("FAC"). In the FAC, Plaintiff attempts to allege the following causes of action: breach of fiduciary duty, negligence, "state statutory unfair business practices" under Business & Professions Code sections 17200 *et seq.*, declaratory relief, and quiet title. Plaintiff alleges he began having difficulty making his monthly mortgage payments about two years ago, in the spring of 2008. [FAC ¶ 8]

Plaintiff alleges that, while the foreclosure was proceeding in March 2010, he began to attempt to obtain a loan modification from Saxon in order to avoid the foreclosure. [FAC ¶¶ 13 – 15, 26.] It is apparent however that an injunction is inappropriate because the Plaintiff cannot prevail on any claims for the reasons set forth below. [Id. at ¶¶ 26, 32]

## III. LEGAL ARGUMENT

### A. Legal Standard for Granting TRO

"An application for a temporary restraining order involves the invocation of a drastic remedy which a court of equity ordinarily does not grant, unless a very strong showing is made of a necessity and desirability of such action." Youngstown Sheet & Tube Co. v. Sawyer, 103 F.Supp. 978, 980 (D.D.C.1952). Generally, courts grant equitable relief in the event of irreparable injury and the inadequacy of legal remedies. See Stanley v. Univ. of S. Cal., 13 F.3d 1313, 1320 (9th Cir.1994); see also Weinberer v. Romero-Barcelo, 456 U.S. 305, 312, (1982) ("[T]he basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies."). Plaintiffs must satisfy additional requirements in order to be granted preliminary relief. "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to

succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.' " Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir.2009) (quoting Winter v. Natural Res. Def. Council, 555 U.S. 7 (2008)).

    A.    **The First Cause Of Action For Breach of Fiduciary Duty Fails**

None of the defendants owe Plaintiff a fiduciary duty as a matter of law. "The elements of a cause of action for breach of fiduciary duty are: 1) the existence of a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage." *Pellegrini v. Weiss*, 165 Cal.App.4th 515, 524 (Cal.App. 6 Dist. 2008)

Elements 1 and 2 above cannot be alleged because the defendants in this action, the previous loan servicer Saxon, the current loan servicer Ocwen, and the current beneficiary of the deed of trust, Deutsche do not owe a fiduciary duty to a borrower as a matter of law. *See*, e.g., *Marks v. Ocwen Loan Servicing*, 2009 WL 975792, *7 (N.D.Cal.2009) ("[A] loan servicer does not owe a fiduciary duty to a borrower beyond the duties set forth in the loan contract."); See also *De Los Santos v. World Capital Financial*, 2009 WL 649163, *4 (C.D.Cal. 2009) ("Plaintiff has failed to demonstrate that defendant, as servicer of her loan, owed a fiduciary duty to her.") A lender does not owe a fiduciary duty to a borrower either. See *Nymark v. Heart Fed. Savings & Loan Assn.* 231 Cal.App.3d 1089, 1095 (1991) (the relationship between a lending institution and its borrower-client is not fiduciary in nature. California case law is clear that **no fiduciary duty exists between a lender and its borrower**. (*Price v. Wells Fargo Bank* (1989) 213 Cal.App.3d 465, 261 Cal.Rptr. 735.) The Court in *Price* found that:

> "It has long been regarded as 'axiomatic that the relationship between a bank and its depositor arising out of a general deposit is that of a debtor and creditor.'

---

DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

3

(Citation) 'A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such.' (Citation) **The same principle should apply with even greater clarity to the relationship between a bank and its loan customers.**" [Emphasis added.] (*Price* at 476; accord *Kim v. Sumitomo Bank of California, supra.*)

Similarly, the Court in *Jones v. Wells Fargo Bank* (2003) 112 Cal.App.4th 1527, 1540, noted:

> "Wells Fargo owes Jones and PPM III no fiduciary duty directly, because there is no fiduciary relationship between a debtor and a creditor." citing *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979, 21 Cal.Rptr.2d 834."

### B. The Second Cause of Action for Negligence Also Fails

**First,** to state a cause of action for negligence, Plaintiff must show "(1) a legal duty to use reasonable care; (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff[s'] injur[ies]." <u>Mendoza v. City of Los Angeles, 66 Cal.App.4th 1333, 1339, 78 Cal.Rptr.2d 525 (Ct.App.1998)</u> "The question of the existence of a legal duty of care ... presents a question of law which is to be determined by the courts alone." *First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler* (9th Cir.2000) 210 F.3d 983, 987. "Absent the existence of duty ... there can be no breach and no negligence." *Nichols v. Keller* (1993) 15 Cal.App.4th 1672, 1683.

Plaintiff cannot state a cause of action for negligence against any defendant because the law is clear in California that lenders and loan servicer do not owe a legal duty to a borrower. "Absent 'special circumstances' a loan transaction 'is at arms-length'" and no duties arise from the loan transaction outside of those in the

agreement. (*Oaks Management Corp. v. Superior Court,* 145 Cal.App.4th 453, 466 (2006)) (*Nymark v. Heart Fed. Sav. & Loan Ass'n,* 231 Cal.App.3d 1089, 1096 (1991)); *Hendrickson v. Popular Mortgage Servicing, Inc.,* No. C09-00472 CW, 2009 WL 1455491 *7 (N.D.Cal., May 21, 2009) (dismissing negligence claim against loan servicer because "[p]laintiffs have not alleged that Litton's or Popular's involvement in the loan transactions exceeded the scope of their conventional roles as mere loan servicing companies.")

### C. Plaintiff Not Entitled to Enjoin Deutsche Bank Based On Saxon's Unfair Business Practice

Plaintiff improperly seeks to enjoin *Deutsche* based on the prior actions of Saxon that may or may not constitute unfair business practices under Bus. & Prof. Code § 17200.

First, Deutsche and Ocwen cannot be enjoined from executing on a writ because a year previously another party allegedly violated Section 17200. See People v. Toomey, 157 Cal.App.3d 1, 203 Cal.Rptr. 642, 654-655 (Cal.App. 1 Dist.,1984) ("Injunctive relief under [Cal. B&PC] sections 17203 and 17535 cannot be used, however, to enjoin an event which has already transpired; a showing of threatened future harm or continuing violation is required." [citing Dunkerley v. Taylor (1983) 139 Cal.App.3d 1005, 1011]. Yet this is exactly what Plaintiff is attempting to do – enjoin Deutsche from executing on a writ of possession based on prior acts of Saxon alleged to violate section 17200.

Second, there are no allegations that Deutsche or Ocwen personally participated in any prohibited act. "The concept of vicarious liability has no application to actions brought under the unfair business practices act.' *Emery v. Visa International Service Association* (2002) 95 Cal.App.4th 952, 960 ("A defendant's liability must be based on his personal 'participation in the unlawful practices' and 'unbridled control' over the practices that are found to violate section 17200.") *Id.*

*Emery* states:

> "The concept of vicarious liability has no application to actions brought under the unfair business practices act." [citing *People v. Toomey* (1984) 157 Cal.App.3d 1, 14 [203 Cal.Rptr. 642] (*Toomey*)] A defendant's liability must be based on his personal participation in the unlawful practices and unbridled control over the practices that are found to violate section 17200 or 17500."

There is no allegation that executing on a writ of possession violates Section 17200. Deutsche and Ocwen cannot be liable under Section 17200, and cannot enjoined from executing on a writ of possession now because a year ago Saxon allegedly participated in an unfair business practice.

### D. The Fourth Claim for Declaratory Relief Necessarily Fails

Plaintiff requests a judicial determination "concerning [the parties'] respective rights and duties under California Foreclosure Law." [FAC, ¶ 63]

**First**, this claim fails because no present or actual controversy - the foreclosure sale already occurred on or about March 19, 2010. [RJN, Exh. 6] The fundamental basis of an action for declaratory relief is the existence of an actual, present controversy over a proper subject. *Otay Land Co. v. Royal Indem. Co.* (2008) 169 Cal.App.4th 556, 562. California Code Civil Procedure § 1060 provides that declaratory relief may be obtained where:

> any person interested under a written instrument, excluding a will or a trust, or under a contract, or who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property,…may, **in cases of actual controversy relating to the legal rights and duties of the respective parties,** bring an original action or cross-complaint in the superior court for a declaration of his

or her rights and duties in the premises, including a determination of any question of construction or validity arising under the instrument or contract." Cal. Code Civ. Proc., §1060.

"Declaratory relief operates prospectively to declare future rights, rather than to redress past wrong." *County of San Diego v. State,* (2008)164 Cal.App.4th 580, 607; see also, *Roberts v. Reynolds* (1963) 212 Cal.App.2d 818, 827.) "That is, a declaratory judgment serves to set controversies at rest before they lead to repudiation of obligations, invasion of rights or commission of wrongs; in short, the remedy is to be used in the interests of preventative justice, to declare rights rather than execute them." *County of San Diego v. State* (2008) 164 Cal.App.4th 580, 607-608.

Furthermore, "unlike coercive relief, such as damages, specific performance, or an injunction in which a party is ordered by the court to do or to refrain from doing something, a declaratory judgment merely declares a legal relationship between the parties [emphasis added]." *Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 898. Therefore, "the court may refuse to entertain the action **where the rights of the complaining party have crystallized into a cause of action for past wrongs**, and the relationship between the parties has ceased to exist." *Warren v. Kaiser Foundation Health Plan, Inc.* (1975) 47 Cal.App.3d 678, 683.

Here, there is no actual controversy between Plaintiff and Defendants because the Subject Property was sold at the foreclosure sale on March 19, 2010. [RJN, Exh. 6] So Plaintiffs' declaratory relief cause of action necessarily fails.

### E. The Fifth Cause of Action to Quiet Title Fails Because Plaintiff Has Neither Sufficiently Pled a Cause of Action or Tendered The Amount of The Loan

Plaintiffs' fifth cause of action seeks to quiet title. "To state a claim to quiet title, a complaint must be verified and include (1) a legal description of the

...

property and its street address or common designation, (2) the title of the plaintiff and the basis of the title, (3) the adverse claims to the title of the plaintiff, (4) the date of which the determination is sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims." *Cal. Civ. Proc.* §761.020.

**First**, Plaintiff does not include a legal description of the property or the date on which the determination is sought.

**Second**, Ocwen is a mere loan servicer (and a recent one at that!) and therefore does not claim any adverse interest in the Subject Property. It services a loan for which it is paid a fee. Ocwen's adverse claims to the Subject Property are not described in the FAC because they are non-existent.

**Third**, to quiet title Plaintiff must tender the amount of the loan in full; i.e. to get equity, one must do equity. *Arnolds Management Corp. v. Eishen* (1984) 158 Cal.App.3d 575, 577; See also *Karlsen v. American Sav. & Loan Assn.* (1971) 15 Cal.App. 3d 112, 117 ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."); *Dimock v. Emerald Properties, LLC* (2000) 81 Cal.App.4th 868, 877-78 ("[I]n the context of overcoming a voidable sale, the debtor must tender any amounts due under the deed of trust.") In *United States Cold Storage*, the Court stated:

> It would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property. Thus, it is sensible to require that a trustor, whose default to begin with resulted in the foreclosure, give proof before the sale is set aside that he can now redeem the property.

*Id.* at 1225 "The rationale behind this rule is that if Plaintiffs could not have redeemed the property [i.e. paid the full loan amount] had the sale procedures been proper, any irregularities in the sale did not result in damages to the Plaintiff." *SPCI RE-HAB 01 v. E & G Investments, Ltd.* (1989) 207 Cal.App.3d 1018, 1022.

**Courts have expanded the application of a tender rule to "any causes of action" challenging the foreclosure process.** *Arnolds* at 578-580; See also *Abdallah v. United Sav. Bank* (1996) 43 Cal.App.4th 1101, 1109 (In affirming sustaining of demurrer without leave to amend, the court explained that the tender rule applies to "any cause of action for irregularity in the sale procedure"). Any cause of action implicitly integrated with the irregular sale fails unless the challenger can allege and establish a valid tender. *Arnolds* at 579; *Karlsen* at 121.

### IV. A Bond Is Required to Address the Irreparable Harm to Defendants If The Writ Is Enjoined

Even if there were a basis for injunctive relief, which there is not, a bond would be required. A bond is required upon issuance of a TRO or preliminary injunction. F.R.C.P. 65(c) provides: "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."

In addition or in the alternative, Plaintiff would and should have to tender the loan indebtedness as a prerequisite. California courts have long established that in order to maintain an action challenging a foreclosure sale, the borrower must first offer or actually pay the entire loan amount. See 4 Miller and Starr, California Real Estate (Second Edition 1989) § 9:154, pages 507-508; United States Cold Storage v. Great Western Savings & Loan Association, 165 Cal.App.3d 1214, 1225, 212 Cal.Rptr. 232 (1985). This "tender requirement" was originally founded in equity. The courts reasoned that if a defaulting borrower

requested the court to exercise its equitable powers and set aside a trustee's sale, the defaulting borrower must first be willing to do equity himself, i.e. to get equity, one must do equity. Arnolds Management Corp. v. Eishen, 158 Cal.App. 3d 575, 577, 205 Cal.Rptr. 15 (1984). If the borrower is unsure, the borrower must at least tender the amount that he reasonably believes is due. See, Bisno v. Sax, 175 Cal.App.2d 715, 346 P.2d 814 (1995) (the plaintiffs tendered what they believed was due)

Courts have expanded the application of the tender rule to "any causes of action" challenging foreclosure, such as breach of contract. Arnolds Management Corp. v. Eischen, 158 Cal.App.3d 575, 577-580, 205 Cal.Rptr. 15 (1984). A cause of action "implicitly integrated" with the alleged irregular sale fails unless the trustor can allege and establish a valid tender. Arnolds at 579. "The rationale behind this rule is that if plaintiffs could not have redeemed the property [i.e. paid the full loan amount] had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs." FPCI Re-Hab 01 v. E & G Investments, Ltd., 207 Cal.App.3d 1018, 1022 (1989). In other words, the foreclosure would inevitably be completed regardless. Absent a tender, a complaint alleging or based upon wrongful foreclosure fails to state a cause of action. See, Karlsen v. American Savings & Loan Association, 15 Cal.App. 3d 112 (1971).

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's Motion for a Temporary Restraining Order and Injunctive Relief be DENIED.

///

///

///

DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION
10

| | | |
|---|---|---|
| 1 | DATED: April 11, 2011 | HOUSER & ALLISON<br>A Professional Corporation |
| 2 | | |
| 3 | | /s/ Brian Edwards<br>Eric D. Houser |
| 4 | | Brian Edwards |
| 5 | | Attorneys for Defendants,<br>Ocwen Loan Servicing, LLC; HSBC Bank |
| 6 | | USA, N.A., as Trustee on behalf of ACE |
| 7 | | Securities Corp. Home Equity Loan Trust<br>and for the registered holders of ACE |
| 8 | | Securities Corp. Home Equity Loan Trust, |
| 9 | | Series 2007-HE5, Asset Backed Pass-<br>Through Certificates; and Western |
| 10 | | Progressive, LLC |

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) SS
COUNTY OF ORANGE         )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 9970 Research Drive, Irvine, CA 92618.

On April 11, 2011 I served the following document(s) described as follows:

**DEFENDANT OCWEN LOAN SERVICING, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

On the following interested parties in this action:

| | |
|---|---|
| Edward O. Lear | Stuart B. Wolfe |
| Marisol Ocampo | Marcus T. Brown |
| Rizza Gonzales | WOLFE & WYMAN LLP |
| CENTURY LAW GROUP LLP | 2175 N. California Boulevard, Suite 645 |
| 5200 W. Century Boulevard, Ste. 345 | Walnut Creek, CA 94596-3502 |
| Los Angeles, CA 90045 | |
| Tel: (310) 642-6900 | |
| Fax: (310) 642-6910 | |

*Attorneys for Plaintiff*

[XX]  VIA FIRST CLASS MAIL—CCP §§ 1013(a); 2015.5 and/or FRCP 5: By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed on April 11, 2011 at Irvine, California.

_____
Sherie L. Cleeré

---

DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION
12