\*\*E-Filed 4/11/2011 \*\*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| OSCAR MADRIGAL SENCION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAXON MORTGAGE SERVICES, LLC; OCWEN LOAN SERVICING, LLC; DEUTSCHE BANK NATIONAL TRUST COMPANY, as TRUSTEE FOR NATIXIS REAL ESTATE CAPITAL TRUST 2007-HE2; and DOES 1 through 100 , inclusive<br><br>　　　　Defendants. | Case Number 5:10-cv-3108 JF<br><br>**ORDER GRANTING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |

　　Plaintiff Oscar Madrigal Sencion seeks a temporary restraining order to prevent the enforcement of the writ of possession granted to Defendant Deutsche Bank National Trust Company ("Deutsche Bank") by the Santa Clara Superior Court on March 21, 2011. Plaintiff contends that Defendants negligently foreclosed on his home without proper notice and despite having approved him for a permanent loan modification and having accepted payments pursuant to a trial loan modification. On the limited record before it, the Court finds that Plaintiff has

shown a reasonable likelihood of success on the merits and that the balance of the hardships tips decidedly in his favor. Accordingly, a temporary restraining order will issue, Defendants will be ordered to show cause why a preliminary injunction should not issue, and a hearing on the order to show cause will be set for April 22, 2011.

## I. BACKGROUND

Plaintiff alleges the following: In December 2006, he obtained a mortgage that was owned by Deutsche Bank and serviced by Saxon Mortgage Services, Inc. ("Saxon"). In August 2009, he received a trial loan modification from Saxon. Plaintiff made payments under the trial loan modification and continued to make "good faith payments" while he was being reviewed for a permanent loan modification. Plaintiff's payment for March 2010 was received and cashed by Saxon. On March 3, 2010, Plaintiff received a letter from Saxon indicating that he had been approved for a permanent loan modification and would be receiving the necessary paperwork within thirty days. However, on March 19, 2010, without notice to Plaintiff, Deutsche Bank purchased the property at a trustee's sale. On March 26, 2010, Plaintiff received a three-day notice to quit the premises.

In April 2010, Plaintiff filed a complaint against Saxon in Santa Clara Superior Court alleging, *inter alia*, negligent foreclosure and unfair trade practices. In addition, he sought and was granted a temporary restraining order and preliminary injunction by the Santa Clara Superior Court prohibiting Saxon from proceeding with unlawful detainer or eviction proceedings against him. At the same time, the servicing of Plaintiff's mortgage was transferred to Defendant Ocwen Loan Servicing ("Ocwen"). On June 1, 2010, Plaintiff amended his state-court complaint to include Ocwen. Defendants subsequently removed the case to this Court and moved to dismiss Plaintiff's first amended complaint. Magistrate Judge Paul S. Grewal granted in part and denied in part Defendants' motion to dismiss. Judge Grewal concluded that Plaintiff's allegations against Ocwen "sufficiently allege an actual controversy relating to, at a minimum, [his] payment obligations and Ocwen's present right to service the Subject Property." Order of Feb. 2, 2011. Plaintiff then sought leave to amend the complaint a

second time to add Defendant Deutsche Bank, which was granted in part. The second amended complaint was filed on March 4, 2011.

Meanwhile, on January 4, 2011, Deutsche Bank began new eviction proceedings against Plaintiff in the Santa Clara Superior Court. That court issued a writ of possession in favor of the bank on March 21, 2011, and on April 6, 2011, Plaintiff received a notice to vacate the premises on or before April 12, 2011. Plaintiff filed the instant application for a temporary restraining order on April 8, 2011.

## II. LEGAL STANDARD

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 376 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate [1] 'that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 129 S. Ct. at 374)). The Ninth Circuit recently reaffirmed that within this framework a preliminary injunction also is appropriate when a plaintiff demonstrates "that serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor," thereby allowing district courts to preserve the status quo where difficult legal questions require more deliberate investigation. *Alliance for the Wild Rockies v. Cottrell*, 613 F.3d 960 (2010).

## III. DISCUSSION

Plaintiff alleges five claims against Deutsche Bank: breach of fiduciary duty; negligence; violation of the California Unfair Business Practices Act, Cal. Bus & Prof. Code §

3

Case Number 5:10-cv-3108 JF
ORDER GRANTING APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION.
(JFLC3)

1  17200, *et seq.*; declaratory relief; and quiet title. However, in ruling on Plaintiff's motion to file
2  a second amended complaint, Judge Grewal granted Plaintiff leave to amend the complaint his
3  claims against Deutsche only as to the claims for negligence and declaratory relief. *See* Order
4  of Feb. 17, 2011 at 1.

5  Judge Grewal denied Saxon's motion to dismiss Plaintiff's negligence claim because the
6  complaint alleges facts sufficient to support a finding "that Saxon undertook the modification of
7  [the] loan, and that Saxon was responsible for the modification." *See* Order of Jan. 28, 2011 at
8  8. In granting Plaintiff leave to add Deutsche Bank as a defendant, Judge Grewal concluded
9  that Plaintiff had pled adequately that Saxon was Deutsche Bank's agent and that the negligent
10 act was within the scope of the agency relationship. Order of Feb. 17, 2011.

11 Plaintiff has attached as an exhibit to his pleading a letter from Saxon that begins,
12 "Congratulations! You have been approved for a Home Affordable Modification!" SAC Ex.
13 M. The letter states that the "Final Modification Agreements" will be ordered and sent to
14 Plaintiff for his signature. *Id.* While it indicates that the loan would not be modified if any
15 remaining trial period payments were not made on time, nothing in the letter suggests that either
16 Saxon or Deutsche could decline to proceed with the modification. *Id.* Plaintiff alleges that he
17 did make all of his required payments and that Saxon cashed his check for the March 2010
18 payment.

19 The evidence presently before the Court shows that Plaintiff was approved for a loan
20 modification, that he made all of the required payments required by his trial loan modification,
21 and that he received no notice of trustee's sale or of a foreclosure. Although this action still is
22 at an early stage, and Deutsche Bank has yet to make a formal appearance, this evidence is a
23 sufficient showing with respect to Plaintiff's likelihood of success on the merits.

24 Judge Grewal also concluded that Plaintiff has alleged an actual controversy as to his
25 payment obligations to Ocwen and Deutsche Bank and that these allegations are sufficient to
26 sustain a claim for declaratory relief. Order of Feb. 17, 2011 at 6. Ocwen has acknowledged
27 that it is responsible for servicing the property and that such services generally include securing
28

4

the property, evicting tenants, and reselling the property. Order of Feb. 2, 2011 at 5. Similarly, Deutsche has asserted its right to possession of the property and seeks to remove Plaintiff from the premises. Based on the present record, there appear to be serious questions going to the merits of Plaintiff's claim for declaratory relief.

Plaintiff has alleged that he and his family will suffer irreparable harm if they are evicted from the home in which they have lived for the past five years. Some courts in this circuit have found that "[a]n eviction from property to which [Plaintiffs] have no legal claim does not amount to irreparable harm," *Pimentel v. Deutsche Bank Nat'l Trust Co.*, No. 09-cv-2264 JLS (NLS), 2009 U.S. Dist. LEXIS 96842, at *8 (S.D. Cal. Oct. 20, 2009). However, in this case, Plaintiff alleges that Deutsche Bank held his mortgage both before and after the foreclosure, and that the foreclosure was a result of the negligence of the Bank's agent. Title to the property has not yet passed beyond the hands of the alleged wrongdoer, and allowing the bank to execute upon its writ of possession and sell the home to an unaffiliated third-party also would result in irreparable harm to Plaintiff. The Court concludes that Plaintiff has met his burden of demonstrating a likelihood of irreparable injury absent injunctive relief, and that the balance of the hardships tips decidedly in Plaintiff's favor. Moreover, "there is an interest in accurately resolving disputes over ownership of real property," *Cruz v. Wash. Mut. Bank*, No. 11CV471 DMS (POR), 2011 U.S. Dist. LEXIS 25439, at *8 (S.D. Cal. March 14, 2011), and it is in the public interest to allow homeowners an opportunity to pursue what appear to be valid claims before being displaced from their homes.

Under Rule 65, "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Because the hearing on the order to show cause will occur within the next ten days, Plaintiff will not be required to post a bond at this time.

## IV. ORDER

The instant application will be GRANTED, as follows:

1    Pending further hearing, Defendants, their employees, agents, each of their officers,
2 directors, successors in interest, assignees, employees, agents, and any other persons or entities
3 acting on their behalf, including the Santa Clara County Sheriff, are restrained and enjoined from
4 proceeding with enforcement of the writ of possession for the real property located at 9120
5 Murray Avenue, Gilroy, CA 95020, assessor's parcel No. 835-05-004, and from any sale or other
6 encumbrance of the property.

7    On April 22, 2011, at 9:00AM, Defendants shall show cause, if any they have, why a
8 preliminary injunction restraining and enjoining the enforcement of the writ of possession and
9 any further sale or other encumbrance of the property should not issue. Defendants shall file their
10 response to the order to show cause on or before April 18, 2011; Plaintiff may file a reply on or
11 before April 20, 2011.

12 **IT IS SO ORDERED.**

14 DATED: April 11, 2011

JEREMY FOGEL
United States District Judge

Case Number 5:10-cv-3108 JF
ORDER GRANTING APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW
CAUSE RE PRELIMINARY INJUNCTION.
(JFLC3)