**CENTURY LAW GROUP LLP**
Edward O. Lear, State Bar No. 132699
Rizza Gonzales, State Bar No. 268118
5200 W. Century Boulevard, Suite 345
Los Angeles, California 90045
Telephone: (310) 642-6900
Facsimile: (310) 642-6910

Attorneys for PLAINTIFF
OSCAR MADRIGAL SENCION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE BRANCH

| | |
|---|---|
| OSCAR MADRIGAL SENCION, an individual,<br><br>PLAINTIFF,<br><br>vs.<br><br>SAXON MORTGAGE SERVICES, INC., a business of unknown form; OCWEN LOAN SERVICING, LLC; DEUTSCHE BANK NATIONAL TRUST COMPANY, as TRUSTEE FOR NATIXIS REAL ESTATE CAPITAL TRUST 2007-HE2; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 5:10-cv-03108-JF<br><br>**PLAINTIFF'S REPLY TO ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |

1

COMES NOW, Plaintiff Oscar Madrigal Sencion ("Plaintiff" and/or "Mr. Sencion") and hereby replies to the opposition filed by Defendant Ocwen Loan Servicing, LLC ("Ocwen") and Joinder by Deutsche Bank National Trust Company, as Trustee for Natixis Real Estate Capital Trust 2007-HE2 ("Deutsche Bank") in support of his application for a preliminary injunction:

## I. INTRODUCTION

Plaintiff herein applied ex parte for a temporary restraining order requiring Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Deutsche Bank National Trust Company ("Deutsche Bank") (collectively, "Defendants") enjoining Defendants and their employees, agents, each of their officers, directors, successors in interest, assignees, employees, agents, and all persons or any other persons or entity acting with Defendants or on their behalf, including the Santa Clara County Sheriff, from enforcing the writ of possession against Plaintiff or from the further sale of Plaintiffs' Home, certain real property located in Santa Clara County at 9120 Murray Avenue, Gilroy, CA 95020, Assessors Parcel No. 835-05-004 (the "Subject Property" or the "Sencion Home"). The Court granted such application and set this matter for an Order to Show Cause re preliminary injunction enjoining the enforcement of the writ of possession granted in Superior Court of Santa Clara County unlawful detainer proceeding *Deutsche Bank National Trust Company v. Sencion, et al.* (Case No. 511CV005720) ("Unlawful Detainer Matter") on March 21, 2011, for the Subject Property while this matter is before this Court.

Ocwen filed a response to the order to show cause re: preliminary injunction arguing that Plaintiff cannot demonstrate a likelihood of prevailing on the merits, that the unfair business practice is not ongoing, and that Ocwen did not participate in any alleged wrongful conduct. In the alternative, Ocwen requests that a bond issue in the amount of $318,750.00 (the amount the

property was sold for at the March 19, 2010, trustee sale), or a monthly payment of $5,087.50, be paid during the duration of the matter. Deutsche Bank has filed a joinder in response to the Court's order to show cause re preliminary injunction to that portion of Ocwen's response requesting a monthly payment of $5,087.50 in lieu of a bond in the amount of $318,750.00. Neither Ocwen nor Deutsche Bank disputes that Plaintiff will suffer irreparable harm should a preliminary injunction not issue, that the issuance of a preliminary injunction is in favor of the public interest, or that the equities favor Plaintiff in this matter.

## II.   ARGUMENT

### a. Deutsche Bank, the "Owner" of the Subject Property, Does Not Contest the Issuance of the Preliminary Injunction

Deutsche Bank does not contest the issuance of the preliminary injunction in substance. The joinder filed by Deutsche Bank on April 29, 2011, to Ocwen's response filed on April 18, 2011, is limited to one point: the requirement of a monthly payment in the amount of $5,087.50, in lieu of a bond for the pendency of this action.

Deutsche Bank is the owner in title of the Subject Property as of the date of the trustee sale on March 19, 2010, was granted a writ of possession in Superior Court of Santa Clara County unlawful detainer proceeding *Deutsche Bank National Trust Company v. Sencion, et al.* (Case No. 511CV005720) ("Unlawful Detainer Matter") on March 21, 2011, and is the *only* party with the right to enforce such writ. Given these facts, the Court should defer to Deutsche Bank's joinder and issue a preliminary injunction in Plaintiff's favor enjoining the execution of the writ of possession for the Subject Property and the further sale of Subject Property with the requirement that Plaintiff pay a monthly payment in the amount of $5,087.50 for the duration of this matter.

**PLAINTIFF'S REPLY TO ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**

### b. Ocwen's Arguments Against the Issuance of a Preliminary Injunction Are Meritless

#### i. Plaintiff Has Demonstrated a Likelihood of Prevailing on the Merits

As set forth in the Court's Order granting Plaintiff a temporary restraining order, Plaintiff has demonstrated that he is reasonably likely to succeed on the merits based upon Plaintiff's negligence claim against Deutsche Bank and declaratory relief claim against both Ocwen and Deutsche Bank. Furthermore, Plaintiff's complaint, now the Second Amended Complaint, has survived two motions to dismiss by Saxon and Ocwen, respectively.

#### ii. Ocwen's Arguments Regarding the Plaintiff's Business and Professions Code §17200 *et seq.* Cause of Action are Inapplicable to Ocwen and Deutsche Bank

Ocwen argues that the Business and Professions Code §17200 ("UCL") violations do not allow for the issuance of a preliminary injunction as the unfair business practice, i.e. the foreclosure of the Subject Property, has already occurred, and that the UCL requires that Ocwen and Deutsche Bank personally participate in the wrongful conduct. However, Ocwen's arguments are inapposite as Plaintiff is not asserting a cause of action against either Ocwen or Deutsche Bank for UCL violations. As stated in the Court's Order granting a temporary restraining order, Plaintiff has set forth causes of action against Deutsche Bank for negligence and declaratory relief and against Ocwen for declaratory relief based upon the facts set forth in Plaintiff's Second Amended Complaint. The Court did not rely on the Business and Professions Code violations in granting the temporary restraining order and issuing an order to show cause.

In granting Plaintiff's application for a temporary restraining order, the Court relied on the fact that Plaintiff has demonstrated that he is likely to succeed on the merits against Saxon

PLAINTIFF'S REPLY TO ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

and Deutsche Bank as to the negligence cause of action and as to the UCL cause of action against Saxon, that he will suffer irreparable harm, that the balance of equities goes in Plaintiff's favor, and that an injunction is in the public interest. (Order Granting Application for a Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction, p. 3:14-19). The Court also found that there were serious questions going to the merits of Plaintiff's declaratory relief cause of action as to Ocwen and Deutsche Bank and the balance of hardships tips in Plaintiff's favor.

Further, the Court has found that Plaintiff had adequately pleaded that Saxon was Deutsche Bank's agent and, as such, the negligent actions of Saxon were within its agency relationship with Deutsche Bank. (Order, p. 4:8-10).

### III. CONCLUSION

Given the above, the Court should issue a preliminary injunction in favor of Plaintiff with the requirement that Plaintiff make a monthly payment of $5,087.50 during the pendency of the action in lieu of a bond.

DATED: May 2, 2011                    **CENTURY LAW GROUP LLP**

                                       _/s/ Edward Lear_

                                       Edward O. Lear, Esq.
                                       Rizza Gonzales, Esq.
                                       Attorney for Plaintiff
                                       Oscar Madrigal Sencion

5

PLAINTIFF'S REPLY TO ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION