\*\*E-Filed 5/17/2011 \*\*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| OSCAR MADRIGAL SENCION,<br><br>                    Plaintiff,<br><br>          v.<br><br>SAXON MORTGAGE SERVICES, LLC; OCWEN LOAN SERVICING, LLC; DEUTSCHE BANK NATIONAL TRUST COMPANY, as TRUSTEE FOR NATIXIS REAL ESTATE CAPITAL TRUST 2007-HE2; and DOES 1 through 100 , inclusive<br><br>                    Defendants. | Case Number 5:10-cv-3108 JF<br><br>**ORDER[1] GRANTING APPLICATION FOR PRELIMINARY INJUNCTION** |

    Plaintiff Oscar Madrigal Sencion seeks a preliminary injunction to prevent the enforcement of the writ of possession granted to Defendant Deutsche Bank National Trust Company ("Deutsche Bank") by the Santa Clara Superior Court on March 21, 2011.  Plaintiff contends that Defendants negligently foreclosed on his home without proper notice and despite having approved him for a permanent loan modification and having accepted payments pursuant

---

[1] This disposition is not designated for publication in the official reports.

to a trial loan modification. On April 4, 2011, this Court granted a temporary restraining order, concluding that "on the limited record before it," Plaintiff had "shown a reasonable likelihood of success on the merits" and that the balance of the hardships tipped decidedly in Plaintiff's favor. Order of April 4, 2011 at 1.

Defendant Ocwen Loan Servicing opposes the application for preliminary injunction on the basis that Plaintiff seeks an injunction to remedy alleged misconduct that occurred in the past. Ocwen argues that Plaintiff's claims that Defendant Saxon Mortgage wrongfully foreclosed on his home cannot serve as the basis for a preliminary injunction now, both because the alleged wrongful conduct is not ongoing and because Ocwen and Deutsche Bank did not participate in the wrongful conduct directly in Saxon's alleged misconduct.

However, Ocwen fails to address the Court's previous determination that Plaintiff has alleged sufficient facts to support his claim that Saxon was acting as the agent of Deutsche Bank at the time of the foreclosure, and that at least at this stage of the proceedings, Plaintiff had shown a likelihood of success on the merits of his negligence claim. While it is true that respondeat superior liability is not available for a violation of Cal. Bus. & Prof. Code § 17200, *see* Order of Feb. 17, 2011 at 4, a claim of negligence against an agent may be attributable to the agent's principal.

Nor does Ocwen address the Court's previous determination that because Deutche Bank obtained title as a result of an allegedly wrongful foreclosure for which it may have been responsible, "[t]itle to the property has not yet passed beyond the hands of the alleged wrongdoer, and allowing the bank to execute upon its writ of possession and sell the home to an unaffiliated third-party . . . would result in irreparable harm to Plaintiff." Order of April 4, 2011 at 4. Because Defendants have not drawn the Court's attention to any new facts or additional legal authority with respect to these issues, the Court will issue the preliminary injunction for the reasons set forth in its order dated April 4, 2011.

Fed. R. Civ. P. 65(c) provides that "[t]he court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."

1   Ocwen, joined by Deutsche Bank, requests that Plaintiff be required to make monthly payments
2   of $5,087.50–the amount of such payments at the time of the foreclosure sale–during the
3   pendency of the action.[2]  Although he did not object in his reply papers to making the proposed
4   monthly payments, Pl.'s Reply at 5, Plaintiff argued at the hearing that any payments should be
5   based on the current fair market rental value of the property, which he argues is only $1,550 per
6   month.

7   Plaintiff's proposal is unreasonable under the circumstances.  If Plaintiff is successful at
8   trial, he presumably will be restored to his position prior to the foreclosure, when his mortgage
9   payments were $5,087.50.  Moreover, at least a part of such payments will be applied to
10  Plaintiff's equity in the property.

11  Accordingly, Defendants, their employees, agents, each of their officers, directors,
12  successors in interest, assignees, employees, agents, and any other persons or entities acting on
13  their behalf, including the Santa Clara County Sheriff, are hereby restrained and enjoined from
14  proceeding with enforcement of the writ of possession for the real property located at 9120
15  Murray Avenue, Gilroy, CA 95020, assessor's parcel No. 835-05-004, and from any sale or other
16  encumbrance of the property for the pendency of the action.  As a condition of the foregoing, and
17  during the pendency of this action, Plaintiff shall make monthly payments of $5,087.50.

18  **IT IS SO ORDERED.**

19  DATED: May 16, 2011
20  _____
    JEREMY FOGEL
    United States District Judge

---

[2] In the alternative, Ocwen requests that Plaintiff be ordered to post a bond of $318,750.00, the amount Deutsche Bank paid for the subject property at foreclosure sale. Deutsche Bank does not join this request.  The Court concludes that such a bond would be excessive.