UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OSCAR MADRIGAL SENCION, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SAXON MORTGAGE SERVICES, INC., a business of unknown form, et al.,<br><br>Defendants. | Case No:  C 10-03108 SBA<br><br>**ORDER DIRECTING PRO SE PLAINTIFF TO FILE RESPONSES TO PENDING MOTIONS** |

Plaintiff, through counsel, filed the instant mortgage fraud action in state court on June 1, 2010.  Defendants removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.  On September 6, 2011, Judge Jeremy Fogel, who was originally assigned the matter, granted Plaintiff's counsel's motion to withdraw.  Dkt. 128.  On September 28, 2011, the action was reassigned to the undersigned.  Dkt. 131.  Since his counsel's withdrawal, Plaintiff has remained unrepresented.

On calendar for February 14, 2012 are three motions:  (1) Saxon Mortgage Services' motion for summary judgment, filed September 16, 2011, Dkt. 130; (2) Ocwen Loan Servicing LLC's motion for summary judgment, filed September 30, 2011, Dkt. 134; and (3) Saxon Mortgage Services' motion to expunge lis pendens, filed October 18, 2011, Dkt. 138.  Under Civil Local Rule 7-3(a), an opposition to a motion must be filed within fourteen days of the date the motion was filed, and the reply is due seven days thereafter.

To date, Plaintiff has not filed any responses to Defendants' motions and the deadlines to do so have long since passed.

This Court's Standing Orders warn that the failure to file a response to a motion may be deemed to be a consent to the granting of the unopposed motion. Dkt. 133 at 5. As such, it is well within the discretion of the Court to grant Defendants the relief requested and to dismiss the action for failure to prosecute. See Fed. R. Civ. P. 41(b); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Nevertheless, mindful of its obligation to first consider to less drastic alternatives, the Court will afford Plaintiff one further opportunity to respond to the pending motions. Accordingly,

IT IS HEREBY ORDERED THAT:

1. Plaintiff shall have until **February 24, 2012** to file and serve his responses (i.e., either an opposition or a statement of non-opposition) to Defendants' pending motions. Plaintiff's responses shall comply in all respects with the Federal Rules of Civil Procedure and the Court's Civil Local Rules including, without limitation, Civil Local Rules 7-3 through 7-5. **PLAINTIFF IS WARNED THAT THE FAILURE TO FILE A RESPONSE BY THIS DEADLINE AND/OR TO COMPLY WITH THIS ORDER OR ANY OTHER APPLICABLE PROCEDURAL RULES WILL RESULT IN THE GRANTING OF THE PENDING MOTION AND THE DISMISSAL OF THIS ACTION.**

2. In the event Plaintiff timely files his responses, Defendants may file a reply seven days after the deadline for Plaintiff's response.

3. The hearing on all matters scheduled for February 14, 2012 is CONTINUED to **March 13, 2012 at 1:00 p.m.** Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court, in its discretion, may resolve the motions without oral argument. The parties are advised to check the Court's website to determine whether a court appearance is required.

4. Since Plaintiff's former counsel at Century Law Group LLP did not provide the Court with an address for Plaintiff, Century Law Group LLP shall serve forthwith a

- 2 -

1 copy of this Order on Plaintiff at his last known address and immediately file a proof of
2 service evidencing that it has complied with this Order.
3     IT IS SO ORDERED.
4 Dated: February 3, 2012

                                                _____
                                                SAUNDRA BROWN ARMSTRONG
                                                United States District Judge