UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

OSCAR MADRIGAL SENCION, an individual,

Plaintiff,

vs.

SAXON MORTGAGE SERVICES, INC., a business of unknown form, et al.,

Defendants.

Case No: C 10-03108 SBA

**ORDER**

Dkt. 130, 134, 138

Plaintiff filed the instant mortgage fraud action in state court on June 1, 2010. Defendants removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. The parties are presently before the Court on three motions: (1) Saxon Mortgage Services ("Saxon") and Deutsche Bank National Trust Company's ("Deutsche Bank") motion for summary judgment, Dkt. 130; (2) Ocwen Loan Servicing LLC's ("Ocwen") motion for summary judgment, Dkt. 134; and (3) Saxon and Deutsche Bank's motion to expunge lis pendens, Dkt. 138. All of the motions are unopposed.

Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby: DENIES Saxon and Deutsche Bank's motion for summary judgment as to Plaintiff's second cause of action for violation of California's Unfair Competition Law ("UCL"), Cal. Bus & Prof. Code § 17200, and GRANTS the

motion in all other respects; GRANTS Ocwen's motion for summary judgment; and GRANTS Saxon and Deutsche Bank's motion to expunge lis pendens. The Court dismisses Plaintiff's UCL claim for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). The Court, in its discretion, finds the instant motions suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

In 2006, Plaintiff purchased a home located at 9120 Murray Ave., Gilroy, California ("the Property"). Plaintiff obtained two mortgages on the Property: a first mortgage in the amount of $660,000 and a second mortgage in the amount of $165,000. In 2008, Plaintiff began experiencing financial difficulties and sought a loan modification. He eventually defaulted on his loans.

On April 27, 2009, Saxon, the loan servicer, recorded a Notice of Default against the Property. Saxon later recorded a Notice of Trustee's Sale on July 30, 2009. Although the trustee's sale was set for August 19, 2009, it was postponed while Plaintiff applied for a loan modification. The modification was never finalized. As a result, the trustee's sale proceeded on March 19, 2010 and the Property was acquired by Deutsche Bank. After the trustee's sale, servicing rights for the mortgages were transferred from Saxon to Ocwen.

On April 6, 2010, Plaintiff, through counsel, commenced the instant action against Ocwen and Saxon in Santa Clara County Superior Court. Ocwen removed the action to this Court on the basis of diversity jurisdiction. On March 4, 2011, Plaintiff filed a Second Amended Complaint ("SAC"), which added Deutsche Bank as a defendant. The SAC alleges four causes of action for negligence, violation of the UCL, declaratory relief and quiet title.

In September and October 2011, Saxon and Deutsche Bank filed a motion for summary judgment and motion to expunge lis pendens, and Ocwen filed a motion for summary judgment. Plaintiff filed no opposition to these motions. As such, on February 3, 2012, the Court sua sponte granted Plaintiff until February 24, 2012, to file his responses.

Dkt. 139.[1] The Court explicitly warned Plaintiff that his failure to oppose the motions would be construed as an indication that he does not, in fact, oppose them. To date, Plaintiff has filed no response to the motions and has not directed any communication to the Court.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that a party may move for summary judgment on some or all of the claims or defenses presented in an action. Fed. R. Civ. P. 56(a)(1). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id.; see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The movant bears the initial burden of demonstrating the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file that establish the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this initial burden, the burden then shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. See Celotex, 477 U.S. at 324; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

Where, as here, the nonmoving party has failed to file an opposition, a district court may not grant a motion for summary judgment solely because the motion is unopposed. See Cristobal v. Siegel, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994). Nonetheless, if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact, then it is appropriate to grant summary judgment. See United States v. Real Property at Incline Village, 47 F.3d 1511, 1520 (9th Cir. 1995), rev'd on other grounds sub nom Degen v. United States, 517 U.S. 820 (1996); Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993).

---

[1] On September 6, 2011, Judge Jeremy Fogel, who was originally assigned the matter, granted Plaintiff's counsel's motion to withdraw. Dkt. 128. On September 28, 2011, the action was reassigned to the undersigned. Dkt. 131. Since his counsel's withdrawal, Plaintiff has remained unrepresented.

## III. DISCUSSION

### A. NEGLIGENCE

Plaintiff's first cause of action for negligence is brought against Saxon and Deutsche Bank. "In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." Ileto v. Glock Inc., 349 F.3d 1191, 1203 (9th Cir. 2003). In his first cause of action, Plaintiff alleges that Defendants Saxon and Deutsche Bank acted negligently in allegedly failing to provide him with a Notice of Default, the Notice of Trustee's Sale or the Trust Deed once the Property was sold on March 19, 2010. Sec. Am. Compl. ¶ 50. He also alleges that Defendants improperly foreclosed on the Property while he was in the process of obtaining a loan modification—and then negligently filed an unlawful detainer action against him. Id. ¶ 51-53.

"[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." See Nymark v. Heart Fed. Savings & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991). This rule also applies to loan servicers. Castaneda v. Saxon Mortg. Servs., 687 F. Supp. 2d 1191, 1198 (E.D. Cal. 2009) (noting that a loan servicer owes no duty of care to borrower). While a duty may arise where the loan servicer acts beyond the scope of its conventional role as a loan servicer, Plaintiff has made no showing in that regard. See, e.g., Hendrickson v. Popular Mortgage Serv., Inc., No. C 09-00472 CW, 2009 WL 1455491 *7 (N.D.Cal., May 21, 2009); Marks v. Ocwen Loan Serv., Inc., No. C07-02133 SI, 2009 WL 975792 *7 (N.D. Cal., Apr. 10, 2009). Moreover, there is no showing that Saxon or Deutsch Bank breached any putative duty to Plaintiff. To the contrary, the record establishes that Plaintiff defaulted on his mortgages and failed to cure his default, which thereby entitled Defendants to foreclose on the Property. Accordingly, Saxon and Deutsche Bank's motion for summary judgment with respect to Plaintiff's cause of action for negligence is GRANTED.

**B. UCL**

Plaintiff's second cause of action is brought against Saxon, which is alleged to have engaged in unfair business practices in violation of the UCL. In their motion for summary judgment, Saxon and Deutsche Bank contend that Plaintiff lacks standing to bring a UCL claim on the ground that he has not suffered economic injury.

"[A] private person has standing to sue [under the UCL] only if he or she 'has suffered [an] injury in fact and has lost money or property as a result of such unfair competition.'" Californians for Disability Rights v. Mervyn's, LLC, 39 Cal.4th 223, 227 (2006) (quoting Cal. Bus. & Prof. Code § 17204). A plaintiff suffers an injury in fact for purposes of standing under the UCL when he or she has: (1) expended money due to the defendant's acts of unfair competition, (2) lost money or property or (3) been denied money to which he or she has a cognizable claim. Hall v. Time Inc., 158 Cal. App. 4th 847, 854-55 (2008). The "injury in fact" and "lost money or property" requirements of § 17204 may overlap. See Troyk v. Farmers Group, Inc., 171 Cal. App. 4th 1305, 1348 (2009). The "as a result of" language of § 17204 imposes a causation requirement. See Rubio v. Capital One Bank, 613 F.3d 1195, 1204 (9th Cir. 2010) ("[the UCL] requires a 'causal connection' between [the defendant]'s alleged UCL violation and her injury in fact"); Troyk v. Farmers Group, Inc., 171 Cal. App. 4th 1305, 1348 (2009) ("the phrase 'as a result of' connotes an element of *causation* (i.e., [plaintiff] lost money because of [defendant]'s unfair competition").

Citing Munger v. Moore, 11 Cal. App. 3d 1, 11 (1970), Defendants contend that the only amount recoverable in a wrongful foreclosure action is the equity in the property, if any. However, Munger did not involve a claim under the UCL. In addition, Defendants misconstrue Plaintiff's claim. Plaintiff alleges that he "suffered actual loss in making trial loan modification payments for the past eight months" that he would not have made had he known Saxon was planning to foreclose on the Property. Compl. ¶ 62. While it is questionable whether this is sufficient to establish standing under the UCL, Defendants have failed to present an adequate record or argument to enable the Court to render an

informed decision on this issue. It is not the role of the Court to make Defendants' arguments for them. See Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court."). Accordingly, Saxon and Deutsche Bank's motion for summary judgment as to Plaintiff's UCL claim is DENIED.

### C. DECLARATORY RELIEF/QUIET TITLE

The third cause of action for declaratory relief is brought against Ocwen and Deutsche Bank and the fourth cause of action for quiet title is alleged against Deutsche Bank only. The gist of these claims is that none of the Defendants had a right to proceed with the foreclosure of the Property. As set forth above, however, the foreclosure was justified based on Plaintiff's uncured default on his loans. In addition, Plaintiff cannot set aside the trustee's sale given his failure to demonstrate his ability and willingness to tender the loan balance. See Karlsen v. Am. Savings and Loan Ass'n, 15 Cal. App. 3d 112, 117-18 (1971) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."). Thus, Defendants' respective motions for summary judgment as to Plaintiff's causes of action for declaratory relief and quiet title are GRANTED.

### D. LIS PENDENS

In addition to their motion for summary judgment, Saxon and Deutsche Bank move to expunge the lis pendens recorded against the Property by Plaintiff. Dkt. 138. Federal courts look to state law regarding matters pertaining to lis pendens. See 28 U.S.C. § 1964. "A lis pendens is recorded by someone asserting a real property claim, to give notice that a lawsuit has been filed which may, if that person prevails, affect title to or possession of the real property described in the notice." Federal Deposit Ins. Corp. v. Charlton, 17 Cal. App. 4th 1066, 1069 (1993) (citing Cal. Code Civ. Proc. §§ 405.2, 405.4, 405.20). "Its effect is that anyone acquiring an interest in the property after the action was filed will be bound by the judgment.... Once a lis pendens is filed, it clouds the title and effectively prevents the

property's transfer until the litigation is resolved or the lis pendens is expunged." BGJ Assocs., LLC v. Super. Ct. of Los Angeles, 75 Cal. App. 4th 952, 966-67 (1999).

A motion for expungement may be brought at any time after notice of pendency has been recorded. Cal. Code Civ. Proc. § 405.30. The party who recorded the notice of lis pendens bears the burden of proof in opposing expungement. Id. A lis pendens shall be expunged if the court finds either that the pleading on which the notice is based does not contain a real property claim, id. § 405.31, or that the claimant failed to establish by a preponderance of the evidence the probable validity of the real property claim, id. § 405.32. See Hunting World, Inc. v. Super. Ct. of San Francisco, 22 Cal.App.4th 67, 70-71 (1994). Here, Plaintiff has consented to the expungement of the lis pendens by failing to oppose Defendants' motion. See Gwaduri v. I.N.S., 362 F.3d 1144, 1147 n.3 (9th Cir. 2004). In addition, Plaintiff has not otherwise demonstrated the probable validity of any real property claim. The Court therefore GRANTS Saxon and Deutsche Bank's unopposed motion to expunge lis pendens.

### E. FAILURE TO PROSECUTE

At this juncture, only Plaintiff's second cause of action under the UCL remains pending. However, Plaintiff has evinced no interest in prosecuting this action and, in fact, has violated both the Court's Local Rules as well as the orders of this Court by failing to respond to the pending motions. Indeed, in its prior order, the Court explicitly warned Plaintiff that his case may be subject to dismissal in the event he failed to comply with the Court's direction to file responses to each of the pending motions.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability

of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

In the instant case, the Court finds that the above-referenced factors weigh in favor of dismissal. With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This is particularly true in the instant case, where Plaintiff has failed to prosecute this action by failing to comply with Court's scheduling orders, and violated the Local Rules and this Court's Order which directed him to respond to the pending motions by February 24, 2012.

The second factor also militates in favor of dismissal. See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); Yourish, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").

The third factor, the risk of prejudice to the defendants, generally requires that "a defendant … establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at, 642. At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting." Id. Here, Plaintiff has offered no explanation for his failure to respond nor is any apparent from the record. These facts also weigh strongly in favor of dismissal. See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.

As to the fourth factor, the Court has already considered less drastic alternatives to dismissal. As noted, the Court's Standing Orders warn that as a consequence of a party's failure to oppose a motion, the Court will construe such inaction as a consent to the granting of the unopposed motion. "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." Ferdik, 963 F.2d at 1262.

The final factor, which favors disposition of cases on the merits, by definition, weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

In sum, the Court concludes that four of the five relevant factors weigh strongly in favor of dismissing Plaintiff's remaining cause of action under the UCL for failure to prosecute. Id. (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).

## IV. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. Defendant Ocwen's motion for summary judgment is GRANTED.

2. Defendants Saxon and Deutsche Bank's motion for summary judgment is GRANTED as to Plaintiff's causes of action for negligence, declaratory relief and quiet title, and is DENIED with respect to Plaintiff's UCL claim.

3. Defendants Saxon and Deutsche Bank's motion to expunge lis pendens is GRANTED.

4. Plaintiff's remaining cause of action under the UCL is dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: April 17, 2012

Saundra B. Armstrong
SAUNDRA BROWN ARMSTRONG
United States District Judge